UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-cv-25439-GAYLES

CHAIM GLIK,

    Plaintiff,
v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Government's Motion to Dismiss Complaint as Moot. [ECF No. 15]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is GRANTED.

## BACKGROUND

On December 27, 2018, Plaintiff Chaim Glik filed this one-count Complaint seeking to compel the Government to adjudicate his I-485 Application to Register Permanent Residence or Adjust Status. Plaintiff's application had been pending since May 2, 2011. [ECF No. 1 at ¶ 1]. On June 17, 2019, the Government denied Plaintiff's I-485 application. [ECF No. 15-1].

## DISCUSSION

**A.**    **Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of

1

subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1251. By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Although not specifically stated, the Motion presents a factual attack challenging the Court's subject matter jurisdiction allowing the Court to consider matters outside of the Complaint.

    **B.**    **Mootness**

"Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies." *Serrar v. Sect'y, Dept. Homeland Security*, No. 6:12-CV-1714-Orl-22KRS, 2013 WL 12323968, at *3 (M.D. Fla. Aug. 9, 2013); *see also* U.S. Const., art. III, § 2, cl.1. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't. of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). Accordingly, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.*

The Government's denial of Plaintiff's I-485 application renders Plaintiff's Complaint moot. Plaintiff is correct that a district court may have jurisdiction to consider whether the delay in adjudicating an application was unreasonable. That relief, however, was not properly plead nor

specifically sought in the Complaint. *See Sanabria v. Chertoff*, No. 08-CV-20666-ASG, 2008 WL 11333503, at *5 (S.D. Fla. 2008) (citing *Tang v. Chertoff*, 493 F. Supp. 2d 148 (D. Mass. 2007)). In opposition to the Government's Motion, Plaintiff argues that the Court must determine whether the Government's delay was willful and unreasonable. [ECF No. 17 at 3]. However, a party may not amend its complaint through a response to a motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 831 (11th Cir. 2011); *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015). The proper procedure would be for Plaintiff to file a separate action seeking the remedies available for an unreasonable delay of adjudication. Accordingly, Plaintiff's Complaint shall be dismissed without prejudice.

### C. Plaintiff's Request for Attorney's Fees

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which allows for a party to recover attorney's fees against the government where (1) they are a prevailing party, (2) the government's position was not substantially justified, and (3) such an award would not be otherwise unjust. Here, Plaintiff is not a "prevailing party." A prevailing party entitled to fees is "one who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001). Further, that relief must be received on the merits of a party's claims. *Id.* at 603. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605.

Here, the Government adjudicated Plaintiff's application prior to a judgment by the Court. Accordingly, there has been no judicial action that would affect the legal relationship of the parties to sufficiently find that Plaintiff is a "prevailing party" for purposes of the EAJA.

Therefore, it is **ORDERED and ADJUDGED** that the Government's Motion to Dismiss Complaint as Moot [ECF No. 15] is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice. All pending motions are denied as moot and this case shall be closed for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of July, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE